Bay, J.
Penal laws ought to be construed strictly, and not by construction or implication ; and more especially where the life of a citizen is at stake. In such a case, every thing shall be presumed in his favour, which is not proved by the clearest evidence and reasoning to the contrary; and which does not bring the case under some express law, that in clear and explicit terms, affects the life of the prisoner. The indictment, in the present case, is framed on a clause in the paper medium act, which makes it felony to counterfeit any of the bills thereby authorised to be issued. This act creates, in the first place, a new species of paper currency; prescribes the manner and form particularly in which they shall be issued and signed ; and makes them receivable at the treasury (when thus issued) in payment of debts, duties and taxes. After the form is prescribed in the act, it directs the manner in which they shall be signed, which is worthy *210 of remark, as the initials of three names are expressly an* nexed to the form : “ A. B. C. D. E. F. commissioners.” The following clause expressly enacts, that as soon as they are struck off, they shall be numbered and signed by the three commissioners, to be appointed as by that act directed. There is no clause in this law, it is true, which says that bills issued in any other form than that prescribed by the law, and signed as thereby required, shall be null and void, as in Moffat’s case, on which the Attorney-General laid so much stress. But it is evident that any bills not signed by the three commissioners, as the law directs, that is, such as are signed by one or two commissioners only, would not have been receivable at the treasury, because they were not such as the act required and makes receivable there. And although there is no negative clause which makes such bills void, yet they would have been void in law, for expressio unius est exclusio alterius ; and such a negative clause, if it had been inserted, would only have been declaratory of what the common law was before ; for, wherever a law makes and prescribes a particular form for any particular purpose, in that case, no other kind of form shall be received and taken for a true and proper one. In the present case, then, it is clear that the bill stated in the indictment upon which the prisoner is charged, is not such a one as the paper medium law directs, having but two of the commissioners’ names to it. It does not purport to be a true bill upon the face of it; (as in Ann Lewis’s case, Foster,-116.) and if it is not such a one as that law requires, then the forging of it cannot be punished by that law. It cannot be the subject of a forgery, so as to make it a capital offence under the penal clause of that act. Moffat’s case is' directly in point ; and there it is expressly laid down as the unanimous opinion of all the judges, after great deliberation, that the bill of exchange, in that case, not being agreeable to the statutes, if real, it would not have been negotiable or valid, and therefore the counterfeiting it was not a capital offence, So that, in the present case, if one of the commissioners had accidentally omitted to have signed his name to any *211 of these bills, they would not have been receivable or valid -at the treasury, not being issued as the law directs ; a for-iiori, therefore, the making of a bill not agreeable to the form directed in the act, cannot be a capital offence under it.
Let the indictment be quashed, and the prisoner discharged.*

 See Gutridgtfs case, where the same point -was determined when all tlier judges were present